IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ARLINGTON DOUBLE DOWN | § | |
| ENTERPRISES, LLC | § | CASE NO. 21-40796 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING
CASH COLLATERAL USE AND GRANTING ADEQUATE PROTECTION**

**14-DAY NEGATIVE NOTICE – LBR 4001(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Arlington Double Down Enterprises, LLC (the "*Debtor*"), debtor and debtor in possession, files this *Motion for Interim and Final Orders Authorizing Cash Collateral Use and Granting Adequate Protection* (the "*Motion*") as follows:

**Jurisdiction, Venue, and Procedural Background**

1.  This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D), (K), (M), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court may grant the relief requested by this Motion pursuant to 11 U.S.C. §§ 105 and 363 and FED. R. BANKR. P. 4001(b).

3. On May 28, 2021 (the "*Petition Date*"), the Debtor filed a voluntary petition in this Court under Subchapter V of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*.

4. The Debtor is operating as debtor in possession under 11 U.S.C. §§ 1107 and 1108.

## Factual Background

5. The Debtor owns and operates a Mellow Mushroom franchise pizzeria and bar located at 200 N Center St, Arlington, TX 76011. The store serves dine-in and takeout food and alcohol.

6. The Debtor has approximately twenty-eight (28) employees paid on a semi-monthly basis. In addition to payroll, the Debtor's primary expenses include utility obligations, food and alcohol inventory, and franchisee royalties.

7. The Debtor has a need to utilize cash, accounts receivables and inventory in the operation of its business.

8. Truist Bank f/k/a Branch Banking and Trust Company ("*Truist*") asserts a security interest in the Debtor's cash collateral secured by a recorded UCC financing statement filed on May 23, 2011 in which Truist asserts a lien against all assets, including all accounts, account receivables and inventory.

9. In order to operate, the Debtor must be able to use the cash in its bank accounts and the proceeds of its receivables to pay its employees and other expenses of operation. Such cash and proceeds are arguably the cash collateral of Truist within the meaning of 11 U.S.C. § 363(a)

("*Cash Collateral*"). Truist is the only party known to assert an interest in Cash Collateral. The address of Truist is set forth in the Certificate of Service hereinbelow.

### Relief Requested

10.    Pursuant to 11 U.S.C. §§ 361 and 363, the Debtor hereby seeks, *inter alia*, (a) interim authority to use Cash Collateral in accordance with the terms and conditions set forth herein, the budget attached hereto as **Exhibit "A"** (as may be supplemented from time to time, the "*Budget*"), and the proposed interim order attached hereto (the "*Interim Order*"); (b) authority to use Cash Collateral on a final basis following the conclusion of a final hearing on this Motion; and (c) the grant of adequate protection to Truist as more particularly set forth herein and in the Interim Order.

**A.    Immediate Need for Use of Cash Collateral**

11.    The Debtor has an immediate need to use Cash Collateral, including cash proceeds, to pay its employees and other operating expenses. Without access to such funds, the Debtor will not be able to pay these expenses.

12.    The Debtor requests interim authorization to use Cash Collateral as set forth in the Budget until a final order granting further use of Cash Collateral can be entered. Because the Debtor's request for interim authorization seeks the use of only that amount of Cash Collateral as is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, its request complies with FED. R. BANKR. P. 4001(b)(2).

13.    The Budget includes a list of business expenses that are reasonable and necessary and that must be paid until such time as a final hearing on the Motion can be held. The Debtor has also budgeted a carve out for administrative expenses of $1,500 each month.  These business

expenses are reasonable and necessary and must be paid until such time as the Debtor can reach confirmation.

14. The Debtor also requests that the Court authorize it to continue to use Cash Collateral on a final basis as set forth in the Budget.

**B.  Grant of Adequate Protection**

15. The Debtor proposes to adequately protect the interest of Truist in any prepetition collateral by granting Truist replacement liens in estate property pursuant to 11 U.S.C. § 361(2) (the "*Replacement Liens*"). Subject to prior perfected and unavoidable liens and security interests, if any, and only to the extent of any actual diminution in the value of Truist's interests in Cash Collateral as a result of the Debtor's use thereof, the Debtor proposes to grant the Replacement Liens upon all property and assets of the estate in which Truist held a validly perfected and non-avoidable lien or right of setoff as of the Petition Date. The Debtor does not propose to grant any liens in avoidance actions under Chapter 5 of the Bankruptcy Code or the proceeds thereof.

**WHEREFORE, PREMISES CONSIDERED,** the Debtor respectfully requests that this Court enter an Order (a) authorizing, on an interim and final basis, the Debtor's use of the Cash Collateral; (b) granting adequate protection to Truist as set forth herein and in the Interim Order; and (c) granting the Debtor such other and further relief to which it may be justly entitled.

        Respectfully submitted,

        **QUILLING, SELANDER, LOWNDS,**
        **WINSLETT & MOSER, P.C.**
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201-4240
        Telephone: (214) 871-2100
        Facsimile: (214) 871-2111

        By: */s/ John Paul Stanford*
        Christopher J. Moser
        State Bar No. 14572500
        John Paul Stanford
        State Bar No. 19037350
        Frank (Faizan) S. Patel
        State Bar No. 24116882

        **PROPOSED ATTORNEY'S FOR DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, a true and correct copy of the foregoing document has been served in the manner indicated below, electronic mail via the Court's ECF system, and/or U.S. first class mail, postage prepaid, upon those listed on the attached service list.

| | |
|---|---|
| Office of the U.S. Trustee<br>110 N College Ave #300<br>Tyler, TX 75702 | Office of the Attorney General<br>Main Justice Building, Room 5111<br>10th Street & Constitution Ave, N.W.<br>Washington, DC 20530 |
| Ruth Yeager<br>Assistant United States Attorney<br>Eastern District of Texas<br>110 N. College, Suite 700<br>Tyler, Texas 75702<br>Ruth.Yeager@usdoj.gov | Truist Bank<br>f/k/a Branch Banking and Trust Company<br>P.O. Box 1626<br>Wilson, NC 27894 |
| | Truist Bank<br>c/o Jason Rodriguez<br>2711 North Haskell Ave, Suite 2400<br>Dallas, Texas 75204 |

        */s/ John Paul Stanford*